# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2013

No. 11-40572

Lyle W. Cayce
Clerk

JERRY HARTFIELD,

Petitioner-Appellee Cross-Appellant

v.

WILLIAM STEPHENS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellant Cross-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-98

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:[*]

In 2007, Jerry Hartfield filed an application, later construed as being under 28 U.S.C. § 2241, for a writ of habeas corpus. He argued that the 1977 state court judgment of conviction for murder on which he was being held had been vacated on appeal in 1983, that no new trial had been conducted as ordered by the appellate court, and that he should be released from prison. The United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40572

States District Court, Eastern District of Texas, determined that Hartfield was not "in custody pursuant to the judgment of a State court" as meant in 28 U.S.C. § 2244(d)(1). The district court required Hartfield to proceed in state court with his claim that the indictment should be dismissed because a new trial would violate his Sixth Amendment right to a speedy trial. The court then dismissed Hartfield's application without prejudice.

The Director appealed in order to challenge the holding that Hartfield was not in custody pursuant to a judgment; Hartfield appealed from the requirement that he exhaust the speedy trial claim.

We certified to the Texas Court of Criminal Appeals the question whether the prior judgment of conviction had been effectively vacated. *Hartfield v. Thaler*, 498 F. App'x 440, 444-45 (5th Cir. 2012). That court answered the question, holding that no judgment of conviction had existed after the final ruling of that court in 1983 and the issuance of its mandate. *Hartfield v. Thaler*, – S.W.3d – , 2013 WL 2600173, at *4 (Tex. Crim. App. June 12, 2013). We express our gratitude to the Texas court for answering the question.

Largely for the reasons expressed by the district court in its well-reasoned opinion, and as now confirmed in part by the Texas Court of Criminal Appeals, the judgment dismissing the Section 2241 application without prejudice is AFFIRMED.