

NUMBER 13-14-00164-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOLEIGH ARES,                                                                            Appellant,

v.

THE STATE OF TEXAS,                                                                 Appellee.

## On appeal from the 404th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Benavides

By one issue, appellant Joleigh Ares appeals the trial court's denial of her pre-trial writ of habeas corpus and asserts that: (1) she is being unlawfully restrained because of a debt; and (2) the statute for which she is charged under is unconstitutional and vague as applied to her. We affirm.

## I. BACKGROUND

The State indicted Ares for: (1) theft of property in an aggregate amount of more than $100,000 but less than $200,000; and (2) securing the execution of a document by deception. *See* TEX. PENAL CODE ANN. §§ 31.03, 31.09, 32.46 (West, Westlaw through 2015 R.S.). Ares ran a business that sold used or repossessed mobile homes. The indictment stems from complaints from customers that they had given Ares payments towards their mobile homes and had not received the product. Ares argued that because there was a contract between the parties, this case is a civil matter and she should not have been charged criminally. Ares subsequently filed a pre-trial motion for writ of habeas corpus alleging that (1) she is being illegally restrained against her liberty and (2) the underlying charges stem from statutes that are vague and unconstitutional as applied to her. *See* TEX. CODE CRIM. PROC. ANN. art. 11.01 (West, Westlaw through 2015 R.S.). The trial court held a hearing on the motion and denied the relief she requested. This interlocutory appeal followed.

## II. PRE-TRIAL WRIT OF HABEAS CORPUS

By her sole issue, Ares argues she is being illegally restrained by criminal charges related to a civil debt and that the statute she is charged under is unconstitutional as applied to her.

### A. Standard of Review and Applicable Law

A pre-trial writ of habeas corpus, "followed by an interlocutory appeal, is an 'extraordinary remedy' and 'appellate courts have been careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should

2

not be put before appellate courts at the pretrial stage." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010)). The determination of "whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved." *Id.* The Texas Court of Criminal Appeals has held that "an applicant may use pretrial writs to assert his or her constitutional protections with respect to double jeopardy and bail." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). "Pretrial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Id.* at 620. It can be used to bring a facial challenge to the constitutionality of the statute that defines the offense but may not be used to advance an 'as-applied' challenge. *Ex parte Ellis*, 309 S.W.3d at 79.

We review a trial court's decision to grant or deny a writ of habeas corpus for abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *see also Ex parte Hartfield*, 442 S.W.3d 805, 814 (Tex. App.—Corpus Christi 2014, pet. ref'd). However, if the "resolution turns on an application of legal standards, we review the determination de novo." *Id.*

## B. Discussion

### 1. Ares is not being illegally restrained due to her bond

The Texas Court of Criminal Appeals has "long held that when there is a valid statute or ordinance under which a prosecution may be brought, habeas corpus is not generally available before trial to test the sufficiency of the complaint, information, or indictment." *Ex parte Weise*, 55 S.W.3d at 620. Ares is claiming that the criminal

3

prosecution is being brought out of a civil contract dispute as the State secured an indictment based on Ares's alleged inability to comply with her contractual obligations. However, civil disputes can become criminal in nature based on the particular facts of each case. *See, e.g., Taylor v. State*, 450 S.W.3d 528, 539 (Tex. Crim. App. 2014); *Berry v. State*, 424 S.W.3d 579, 586–87 (Tex. Crim. App. 2014); *Merryman v. State*, 391 S.W.3d 261, 270 (Tex. App.—San Antonio 2012, pet. ref'd); *Olle v. State*, No. 13-14-00207-CR, 2015 WL 5626192, at *5–6 (Tex. App.—Corpus Christi September 17, 2015, pet. filed).

Here, Ares effectively wants this Court to consider the merits of her case before trial. However, a writ of habeas corpus is not proper to test the sufficiency of the indictment against her. *See Ex parte Weise*, 55 S.W.3d at 620. Accordingly, the trial court properly did not abuse its discretion by denying her pre-trial writ of habeas corpus on this ground.

### 2. As-applied challenges to a statute cannot be brought pre-trial

"A litigant raising only an 'as applied' challenged concedes [to] the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts or circumstances." *State ex. rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). In an as-applied challenge, the litigant "must show that, in its operation, the challenged statute was unconstitutionally applied to him; that it may be unconstitutional to others is not sufficient (or even relevant)." *Id.*

An "'as-applied' challenge is brought during or after a trial on the merits, for it is only then that the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statute or law has been

4

applied in an unconstitutional manner." *Id.* An "as-applied" challenge to the constitutionality of a statute requires the challenger to demonstrate that the statute has operated unconstitutionally when applied to his particular circumstances." *Id.* at 915. Therefore, any court considering an 'as-applied' challenge to a statute must look at the challenger's conduct alone to determine whether the statute operated unconstitutionally." *Id.*

Ares argues an "as-applied" challenge to this Court. Even though the trial court had a hearing and admitted multiple exhibits from Ares, she presents no cognizable issue for review on a pre-trial writ of habeas corpus. The case law is very clear that only facial challenges to statutes will be considered pre-trial. *See Ex parte Ellis*, 309 S.W.3d at 79. Ares specifically states that she is challenging the statutes from which her charges arise "as they apply to her." Her challenge to the statute is premature. *See State ex. rel. Lykos*, 330 S.W.3d at 910. The trial court did not abuse its discretion and Ares's sole issue is overruled.

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
29th day of October, 2015.

5