**UNITED STATES STEEL CORPORA-TION, Plaintiff-Appellant,**

v.

**UNITED MINE WORKERS OF AMERICA et al., Defendants-Appellees.**

No. 74–2904.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1976.

M. L. Taliaferro, C. V. Stelzenmuller, Birmingham, Ala., for plaintiff-appellant.

William E. Mitch, Birmingham, Ala., Jack Drake, Tuscaloosa, Ala., for defendants-appellees.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion Sept. 24, 1975, 5 Cir. 1975, 519 F.2d 1249).

Before BROWN, Chief Judge, WISDOM and COLEMAN, Circuit Judges.

WISDOM, Circuit Judge:

By using in their petition for rehearing unprofessional language lacking in respect for the Court, counsel for petitioner has invited the Court to strike their petition. The Court, however, has decided to consider the issues raised in the petition, in the interest of protecting a litigant from the misconduct of the litigant's attorney.

On the assumption that counsel for petitioner really believe, as they assert, that "the opinion sets out no intelligible principle whatever", we add, somewhat repetitively, the following brief statements.

The district court found that "the Union at none of its levels supported or condoned [the] work stoppage or strike"; that at "no time according to any evidence before the Court did any [Union official] . . . support or give encouragement to the work stoppage". United States Steel argues that the district court applied the wrong standard of union liability under § 301 of the Taft-Hartley Act. This assertion rests primarily on the contention that, as a matter of law, union responsibility may be inferred from the participation of three members of the Grievance Committee in the strike, under common law principles of agency (§ 301(e)), and as evidenced by the failure of the union to discipline its

members for striking in violation of the contract.

 This Court held that the district court applied the correct standard of liability: For the union to be liable, the evidence had to show that the union in some way made itself a party to the strike or work stoppage violative of the contract. To that extent, we affirmed the holding of the district court.

The applicability of the law of agency is only the first step in the analysis of the case. Counsel for the Company seem to assume that the members of the Grievance Committee were necessarily agents of the union acting within the scope of their agency for purposes of promoting or continuing a strike or work stoppage. The district court made no such finding. The remand, in part, therefore, was to allow the Company to introduce evidence that the committeemen were agents of the union in encouraging the strike or work stoppage.

This Court was not in a position to determine from the record whether evidence of past strikes indicated union participation, condonation, or ratification of similar strikes. We concluded, however, that evidence of a past pattern or practice of similar strikes would be relevant in determining whether the union in fact encouraged wildcat strikes, although it attempted to create the impression of discouraging such strikes. For these reasons and to give each party an opportunity to present additional evidence on the issue of union participation or condonation, we remanded the case to the trial court. We did not try to guess what that court might decide in the light of new evidence, nor did we arrogate to ourselves the determination of the question, as a matter of law.

Counsel for the petitioner are reprimanded for the irresponsible language they used in their petition for rehearing.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.