**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 11, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30299
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GUILLERMO MARZON, also known as Guillermo Marzan, also known as
Federico Rivera,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:99-CR-70-1
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Guillermo Marzon, federal prisoner # 04490-070, has filed an

application for leave to proceed in forma pauperis (IFP) on

appeal following the district court's denial of his pro se "Nunc

Pro Tunc Motion for Amendment of Judgement (i.e. Concurrent

Sentencing) Pursuant to Federal Rules of Civil Procedure - Rule

60(b)(6)."  In that motion, Marzon sought amendment of his 1999

criminal sentence to run concurrently with, rather than

consecutively to, another sentence.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court denied Marzon leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for IFP here, Marzon is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). Marzon does not challenge the district court's determinations that Rule 60(b) was inapplicable to his criminal case or that an amendment to his sentence was not authorized by 18 U.S.C. § 3582(c). Marzon's sole argument is that the district court should not have recharacterized his motion as an initial 28 U.S.C. § 2255 motion without following the procedure set forth Castro v. United States, 540 U.S. 375 (2003), involving notice and leave to amend. We do not consider the court's alternative discussion of § 2255 and the applicability of the statute of limitations to be a "recharacterization." However, even if it were, such recharacterization without warning is not reversible error. It merely means that "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." Castro, 540 U.S. at 383.

Marzon has failed to show that his appeal involves "'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED and the appeal is DISMISSED as FRIVOLOUS. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.