# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2012

No. 11-40572

Lyle W. Cayce
Clerk

JERRY HARTFIELD,

Petitioner-Appellee Cross-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellant Cross-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-98

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This case involves an important and determinative question of Texas law
for which there is no controlling Texas statute, rule, or precedent. Accordingly,
we certify the unresolved question.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT TO THE TEXAS COURT OF CRIMINAL APPEALS
PURSUANT TO THE TEXAS CONSTITUTION ART. 5, § 3-C AND TEXAS
RULE OF APPELLATE PROCEDURE 74.1.

---

[*] The previous opinion is withdrawn. Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40572

TO THE TEXAS COURT OF CRIMINAL APPEALS AND THE
HONORABLE JUDGES THEREOF:

I. Style of the Case

The suit is styled Jerry Hartfield, Petitioner-Appellee/Cross Appellant v.
Rick Thaler, Director, Texas Department of Criminal Justice, Correctional
Institutions Division, Respondent-Appellant/Cross-Appellee, Case No. 11-40572,
in the United States Court of Appeals for the Fifth Circuit, on appeal from the
judgment of the United States District Court for the Eastern District of Texas.
Federal jurisdiction is based on the federal court's authority to grant a writ of
habeas corpus pursuant to 28 U.S.C. § 2241.

The names of the parties and the names and contact information for their
counsel are:  Jerry Hartfield, represented by Wayne R. Dickey and Amy R.
Blalock, 110 N. College, Suite 1122, Tyler, Texas 75702, Tel. 903-531-9233; and
Rick Thaler, Director, Texas Department of Criminal Justice, Correctional
Institutions Division, represented by Greg Abbott, Attorney General of Texas,
P.O. Box 12548 (MC 059), Austin, Texas 78711, Tel. 512-936-1700.

II. Statement of the Case

On October 9, 2012, this court affirmed the district court's dismissal of
Jerry Hartfield's application for a writ of habeas corpus.[1]  We agreed with the
district court that no state judgment of conviction had existed since 1983, when
the Texas Court of Criminal Appeals reversed Hartfield's conviction, ordered a
new trial, and issued its mandate.  We also agreed, though, that Hartfield had
to return to state court to exhaust his claim of a violation of his right to a speedy
trial.

---

[1]  *Hartfield v. Thaler*, No. 11-40572, 2012 WL 4788410 (5th Cir. Oct. 9, 2012),
*withdrawn* by the instant opinion.

2

No. 11-40572

On rehearing, the State argues that our ruling does not accurately apply Texas law to the events that occurred immediately after the appeal of Hartfield's conviction was resolved. The disturbingly unprofessional tone of this petition reveals a lack of respect for the court and constitutes an invitation to strike the petition. *United States Steel Corp. v. United Mine Workers of Am.*, 526 F.2d 377, 377 (5th Cir. 1976). We accept the invitation.

Acting on our own motion, we conclude that this case presents a determinative question of Texas law for which there is no controlling precedent. We therefore withdraw our opinion and submit a certified question to the Texas Court of Criminal Appeals.

Our withdrawn opinion presented the facts and nature of this controversy. *Hartfield*, 2012 WL 4788410, at *1-4. We restate some of that information here.

In 1977, a Texas jury convicted Jerry Hartfield of the capital murder of Eunice Lowe. Jurors sentenced him to death. Hartfield appealed on numerous grounds. On September 17, 1980, the Texas Court of Criminal Appeals unanimously reversed his conviction. *Hartfield v. State*, 645 S.W.2d 436, 441 (Tex. Crim. App. 1980). The court held that the State had violated Hartfield's constitutional rights by striking a juror for cause because of her reservations about the death penalty. *See Witherspoon v. Illinois*, 391 U.S. 510, 520-23 (1968); *see also Adams v. Texas*, 448 U.S. 38, 43-45 (1980) (applying *Witherspoon* to the specific procedure Texas employs in capital cases).

*Witherspoon* only affected the sentence and not the determination of guilt. Nonetheless, Texas law at that time required an entirely new trial in such circumstances. *See Hartfield*, 645 S.W.2d at 441 (citing *Evans v. State*, 614 S.W.2d 414 (Tex. Crim. App. 1980)). The court did not consider Hartfield's other arguments regarding the propriety of his conviction, which he had argued also required reversal. On October 2, 1980, the State sought leave to file a motion for rehearing, urging the court to reform the sentence to life imprisonment instead

3

of remanding for a new trial. Alternatively, the State asked for a reasonable period of time to seek a commutation of Hartfield's sentence from the Governor. On November 26, 1980, the court granted the motion for leave to file the motion for rehearing. Over two years later, on January 26, 1983, it denied the motion for rehearing in a written opinion. *Hartfield*, 645 S.W.2d at 441-42. The court expressed that Texas law and its prior holdings required it to deny the State's request to reform Hartfield's sentence to life imprisonment. *Id.* at 442. It applied this precedent, although it did so "reluctantly." *Id.* Regarding the State's request for more time to seek a commutation, the Court of Criminal Appeals referred the State to its Rule 310, which provided for a 15-day delay after a decision:

> When a decision of the Court of Criminal Appeals becomes final, the Clerk of the Court shall issue a mandate to the court below. A decision of the Court shall be final at the expiration of 15 days from the ruling on the final motion for rehearing or from the rendition of the decision if no motion for rehearing is filed.

*Id.*

The court also said that the State could seek a stay of the mandate for up to 60 days under its Rule 311; the State did not do so. *Id.* On January 31, 1983, five days after the court denied the State's motion for rehearing, the state trial judge, the district attorney, and the sheriff all signed a letter urging the Texas Board of Pardons and Paroles to recommend that the Governor commute Hartfield's death sentence to life imprisonment, explaining that the passage of time would make it difficult to retry him and that retrial would traumatize the victim's daughter because she would have to testify.

On February 10, the State moved for leave to file a second motion for rehearing. On March 1, the Court of Criminal Appeals denied the State's motion for leave. On March 4, it issued this mandate to the trial court:

No. 11-40572

> [I]t is ordered, adjudged and decreed by the Court that the judgment be reversed and the cause remanded for further proceedings in accordance with the opinion of this Court and that this decision be certified below for observance.

On March 14, the Board of Pardons and Paroles sent a recommendation to the Governor urging him to commute Hartfield's sentence from death to life imprisonment. The next day, the Governor issued a proclamation commuting the sentence. The Board of Pardons and Paroles notified the Court of Criminal Appeals in a letter sent with a copy of the Governor's proclamation.

The clerk of the state trial court sent two form postcards to the clerk of the Court of Criminal Appeals. The first form postcard, dated March 9, 1983, stated, "I have this day received the mandate of the Court of Criminal Appeals in Case No. __," and had a space in which Hartfield's name and case number were written. The other form postcard, dated March 23, 1983, stated, "Please return this card when the execution of the enclosed mandate has been carried out." The postcard contained a blank for the date of compliance with the mandate for a new capital-murder trial; the date inserted was March 16, a week after the mandate was received. Further, the person identified as having executed the mandate for a new trial was Governor Mark White, with the added notation "Death Sentence commuted to Life by Governor."

For over twenty years, neither Hartfield nor the State sought clarification of the effect of these events on the previous decision of the Court of Criminal Appeals. Finally, on November 14, 2006, Hartfield filed a pro se application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in a Texas district court. On November 27, he supplemented his first state habeas application with a claim under the Speedy Trial Clause of the Sixth Amendment to the United States Constitution. The trial court forwarded his application to the Texas Court of Criminal Appeals. On January 4, 2007,

Hartfield filed a pro se petition for a writ of mandamus with that court, seeking to compel a new trial and raising his speedy trial claims again. On January 31, 2007, the Court of Criminal Appeals denied Hartfield's habeas petition and his petition for a writ of mandamus without opinion.

Hartfield filed a second pro se state habeas petition on April 11, 2007, arguing that his Sixth Amendment right to a speedy trial had been denied. He also argued that "he had been denied his right to appeal and that the proclamation commuting his sentence held no precedence over the court's order because it was not issued until after the court issued its mandate." The Court of Criminal Appeals dismissed this second habeas application on May 30, 2007, again without opinion, as a subsequent application under Article 11.07 § 4(a)-(c) of the Texas Code of Criminal Procedure.

On October 22, Hartfield filed a pro se federal habeas application in the United States District Court for the Southern District of Texas. The court referred the application to a magistrate judge. The magistrate judge appointed a federal public defender as counsel for Hartfield. Hartfield claimed that he had been deprived of a new trial following the resolution of his direct appeal by the Court of Criminal Appeals, in violation of his rights under the Speedy Trial Clause of the Sixth Amendment, as well as the Due Process Clause of the Fourteenth Amendment. The State moved for summary judgment, urging dismissal based on the one-year statute of limitations provision contained with the Antiterrorism and Effective Death Penalty Act ("AEDPA"). That provision imposes a "1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The magistrate judge ordered supplemental briefing to address "whether petitioner Jerry Hartfield is in custody 'pursuant to the judgment of a State court.'"

No. 11-40572

The magistrate judge concluded that Hartfield was not being held under the authority of a state-court judgment. That conclusion meant that Hartfield had been held since 1983 without a judgment of conviction and was still awaiting trial. His petition, then, was actually a pre-conviction habeas petition under 28 U.S.C. § 2241. The magistrate judge recommended the district court hold that the AEDPA's statute of limitations did not apply to the claim. He also recommended that Hartfield's case be transferred to the Eastern District of Texas because venue for a Section 2241 petition is in the district where the prisoner is held rather than in the district where he was convicted. The district court agreed and transferred Hartfield's case to the United States District Court for the Eastern District of Texas.

A magistrate judge in the Eastern District agreed with the Southern District's conclusion that Hartfield's petition was a pretrial petition under Section 2241 and also concluded that Hartfield had failed to exhaust state-law remedies. Consequently, he recommended dismissing Hartfield's petition without prejudice to allow him to bring his claims properly before the state court. The district court adopted the magistrate judge's memorandum and recommendation. It held that Hartfield was not in custody pursuant to a state-court judgment so his claims were not time-barred. The court also held that Hartfield's claims were not properly before it because he had yet to seek relief from the state trial court, instead taking the procedurally improper step of directly asking the Court of Criminal Appeals for relief. The district court therefore dismissed Hartfield's claims without prejudice.

Both parties appealed to this court. Texas challenged the conclusion that Hartfield was not "in custody pursuant to the judgment of a State court" while Hartfield disagreed with the district court's application of the exhaustion doctrine.

7

No. 11-40572

III. Question Certified

The predicate events are that the Texas Court of Criminal Appeals reversed a district court's judgment of conviction and capital sentence, did not address the defendant's other claims of error, and ordered a new trial due to a *Witherspoon* error. Later, the court resolved two motions for leave to file for rehearing and issued its mandate that still required a new trial, but no new trial was ever conducted because the Governor purported to commute the defendant's sentence. All of these events occurred on the dates and in the manner set out in this opinion's Statement of the Case.

Finding no controlling precedent under Texas law, we hereby certify the following determinative question to the Texas Court of Criminal Appeals: What was the status of the judgment of conviction after these events occurred?

THE PETITION FOR REHEARING IS STRUCK. QUESTION CERTIFIED TO TEXAS COURT OF CRIMINAL APPEALS.