NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0354n.06

No. 11-3923

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Apr 10, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| KENT C. FOSTER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| WARDEN CHILLICOTHE | ) | THE SOUTHERN DISTRICT OF |
| CORRECTIONAL INSTITUTION, | ) | OHIO |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.*

PER CURIAM.  Kent C. Foster, an Ohio prisoner represented by counsel, appeals a district court judgment dismissing his "Application for an Alternative Writ for a Rule Nisi for a Lawful Determination of Petitioner's Legal Status," construed as a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254.  The parties have waived oral argument, and we unanimously agree that oral argument is not needed.  Fed. R. App. P. 34(a).

In 1991, a jury convicted Foster of two counts of rape, one count of gross sexual imposition, and one count of felonious sexual penetration.  He was sentenced to ten to twenty-five years of imprisonment on each of the rape counts and the felonious sexual penetration conviction, and two years of imprisonment for the gross sexual imposition conviction, with the sentences to run

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

consecutively. The Ohio Court of Appeals affirmed. *See State v. Foster*, No. 91-B-17, 1994 WL 149881 (Ohio Ct. App. Apr. 12, 1994). Foster did not pursue any further appeal.

On February 14, 2011, Foster filed a document entitled "Application for an Alternative Writ for a Rule Nisi for a Lawful Determination of Petitioner's Legal Status," seeking to invoke the district court's jurisdiction under 28 U.S.C. § 1651. He sought to have the district court issue an order requiring the respondent to produce proof of the "lawful cause of Petitioner's detention in a state institution." Foster argued that, pursuant to federal and Ohio law, he was not in the lawful custody of Ohio or its agents, because the Belmont County Court of Common Pleas, in which he was convicted, is not a "state court." He also argued that his indictment and judgment are, therefore, legal nullities. Finally, Foster stated that he sought relief pursuant to § 1651 because § 2254 does not apply in this case.

A magistrate judge filed a report, recommending that the district court construe Foster's application as a § 2254 habeas petition and dismiss the petition as untimely because Foster did not file the petition within one year of the effective date of the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2244(d)(1). The magistrate judge also determined that, contrary to Foster's request, relief under the All Writs Act was unavailable to him because his attempt to seek release from state custody is covered by § 2254. Rejecting Foster's objections, the district court noted that Foster's claims lacked merit and that, contrary to Foster's arguments, common pleas courts are state courts. Nonetheless, the district court adopted the magistrate judge's recommendation, determined that Foster's claims are controlled by § 2254, and dismissed the petition as untimely. This Court granted Foster's application for a certificate of appealability.

On appeal, Foster argues that: (1) the district court improperly construed his All Writs petition as a § 2254 petition because he was not challenging his conviction and sentence; and (2) the district court recharacterized his All Writs petition without providing him adequate notice, warning,

or an opportunity to amend his petition. In a *pro se* reply brief, Foster argues that the brief filed by the Ohio Attorney General is improper because the State of Ohio is not a party to this action.

We review *de novo* a district court's denial of a § 2254 petition for a writ of habeas corpus and review the district court's factual findings for clear error. *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008).

Initially, we conclude that the district court erroneously converted Foster's petition for relief under the All Writs Act into a request for relief under § 2254, and dismissed the converted § 2254 habeas petition as untimely, without providing the warning articulated in *Castro v. United States*, 540 U.S. 375, 383 (2003) (addressing the recharacterization of pleadings into motions under 28 U.S.C. § 2255). *See Gooden v. United States*, 627 F.3d 846, 849 (11th Cir. 2010) ("In light of *Castro*'s unqualified holding, we hold that a district court must provide the requisite notice and warning mandated by *Castro*, even where the court determines that the re-characterized motion is untimely."). A *pro se* pleading may not be recharacterized as a § 2254 habeas petition unless the movant is advised of the district court's intention to recharacterize it, warned that the recharacterization could adversely affect the ability to seek future relief under § 2254, and allowed an opportunity to withdraw or amend the pleading. *See Castro*, 540 U.S. at 383. The district court's sua sponte conversion of Foster's petition for relief under the All Writs Act into an initial § 2254 habeas petition was improper because the district court did not follow this procedure.

Nonetheless, we affirm the district court's judgment because it properly determined that the claims asserted in Foster's petition for relief under the All Writs Act lacked merit. Foster argued that the Belmont County Court of Common Pleas is not a state court and, therefore, the State of Ohio did not have lawful custody of him because his state-court indictment and judgment of conviction are legal nullities. As the district court properly concluded, common pleas courts, like the Belmont County Court of Common Pleas, are state courts. *See, e.g.*, *Mumford v. Basinski*, 105 F.3d 264, 267–68 (6th Cir. 1997) (explaining that Ohio common pleas courts are entitled to Eleventh

Amendment immunity because they are arms of the state, not the municipality which they serve).

Therefore, Foster failed to show that his state detention was invalid because he has not shown that

the indictment and judgment are legal nullities. Because the district court properly concluded that

the claims asserted in Foster's petition lacked merit, the judgment can be affirmed on that basis,

without recharacterizing Foster's petition as a request for § 2254 relief. *See* 28 U.S.C. § 2106

(providing that a "court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any

judgment, decree, or order of a court lawfully brought before it for review, and may remand the

cause and direct the entry of such appropriate judgment, decree, or order, or require such further

proceedings to be had as may be just under the circumstances").

For these same reasons, Foster's request that this Court remand the case to permit him the

opportunity to withdraw or amend his petition "to take further action as he may deem appropriate"

would be futile. Finally, the Ohio Attorney General properly filed a brief as the attorney for the

named respondent.

We affirm the district court's judgment, but clarify that this action will not count as a first

petition for habeas corpus relief under § 2254.