**REVISED January 20, 2016**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20275

JERRY HARTFIELD,

Petitioner - Appellant

v.

FRANK D. OSBORNE, Sheriff, Matagorda County Jail,

Respondent - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, KING and HIGGINSON, Circuit Judges.

KING, Circuit Judge:

Petitioner–Appellant Jerry Hartfield filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hartfield argued that his right to a speedy trial had been violated by the State of Texas because the State had held him in prison for approximately thirty years without a valid state court judgment and without retrying him consistent with the mandate of the State's highest criminal court. The district court denied Hartfield's petition, reasoning that federal courts do not reach the merits of speedy trial claims on pretrial habeas review absent "special circumstances." However, the court issued

No. 15-20275

Hartfield a certificate of appealability as to whether "special circumstances" are present in this case.  Although Hartfield was not in custody pursuant to a state court judgment when he originally filed his petition, he was convicted by a Texas state court following the district court's decision.  Because he has been convicted, any writ of habeas corpus granted by a federal court will necessarily free him from custody pursuant to a state court judgment.  Therefore, 28 U.S.C. § 2254 now applies to Hartfield's petition.  Section 2254 imposes a specific exhaustion requirement on habeas petitioners, which involves a different inquiry than whether "special circumstances" exist.  Because the existence of "special circumstances" is no longer relevant and because we lack jurisdiction over anything related to § 2254 based on the certificate of appealability issued by the district court, we DISMISS his appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 1977, a jury convicted Petitioner–Appellant Jerry Hartfield of the capital murder of Eunice Lowe and sentenced him to death.  *See Ex parte Hartfield*, 442 S.W.3d 805, 807 (Tex. App.—Corpus Christi 2014, pet. ref'd) (describing the procedural history of the current matter).  On direct appeal, Hartfield asserted, *inter alia*, that the trial court erred by improperly excluding a prospective juror who voiced general objections to the death penalty.  Agreeing with Hartfield, the Texas Court of Criminal Appeals (CCA) reversed the judgment of the trial court and remanded for a new trial on September 17, 1980.

On October 2, 1980, the State sought leave to file a motion for rehearing and urged the CCA to reform Hartfield's death sentence to life imprisonment instead of remanding for a new trial.  Alternatively, the State sought a reasonable period of time to seek a commutation of Hartfield's sentence from the Governor.  After granting the State's motion for leave to file a motion for rehearing on November 26, 1980, the CCA denied that motion on January 26,

2

No. 15-20275

1983, explaining that Texas law and its prior holdings prevented it from reforming Hartfield's sentence. *See Hartfield v. Thaler*, 498 F. App'x 440, 442 (5th Cir. 2012) (per curiam) (unpublished) (describing the procedural history). On February 10, 1983, the State moved for leave to file a second motion for rehearing, which the CCA denied on March 1. On March 4, 1983, the CCA issued its mandate to the trial court, directing that the trial court's judgment be reversed and the cause retried. *Id.* On March 14, 1983, the Texas Board of Pardons and Paroles recommended to the Governor that he commute Hartfield's death sentence to life imprisonment, and the Governor signed a proclamation, ostensibly commuting Hartfield's sentence, on March 15. Following these events, neither the State nor Hartfield took any further action. Hartfield remained in the custody of the Texas Department of Criminal Justice thereafter. *Ex parte Hartfield*, 442 S.W.3d at 809.

After over 20 years in prison, Hartfield filed a *pro se* petition for a writ of habeas corpus in state court on November 14, 2006, which he supplemented with a claim under the Speedy Trial Clause on November 27, 2006. *Hartfield*, 498 F. App'x at 443. After the state courts dismissed two of Hartfield's habeas petitions, Hartfield filed a federal habeas petition in the United States District Court for the Southern District of Texas on October 22, 2007, claiming that he had been deprived of a new trial following the CCA's 1983 decision, in violation of his right to a speedy trial under the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. The district court in the Southern District held that Hartfield's petition "was actually a pre-conviction habeas petition under 28 U.S.C. § 2241," as Hartfield was not being held pursuant to a state court judgment, and transferred the case to the United States District Court for the Eastern District of Texas. The district court in the Eastern District agreed with the assessment of the district court in the Southern District and held that Hartfield had failed to exhaust his state remedies.

No. 15-20275

Consequently, the court dismissed his petition without prejudice to allow him to bring his claims properly before the state court.

Both sides appealed to this court, with the State challenging the district court's determination that Hartfield was not in custody pursuant to a state court judgment and Hartfield challenging the requirement that he exhaust his speedy trial claim in state court. *Ex parte Hartfield*, 442 S.W.3d at 810. Finding no controlling state precedent on the status of Hartfield's conviction, this court certified the following question to the CCA on November 28, 2012: Was Hartfield's judgment of conviction effectively vacated by the CCA prior to the governor's commutation in 1983? *Hartfield*, 498 F. App'x at 445.

Responding to this court's certified question on June 12, 2013, the CCA held that "[t]he status of the judgment of conviction is that [Hartfield] is under no conviction or sentence." *Hartfield v. Thaler*, 403 S.W.3d 234, 240 (Tex. Crim. App. 2013). The CCA explained that when its mandate issued, it returned Hartfield's case "to the point it would have been had there never been a trial," before the Governor issued his proclamation ostensibly commuting Hartfield's sentence. *Id.* at 239. Because there was no sentence to commute, the Governor's proclamation had no effect on Hartfield's case. *Id.* Based on the CCA's answer to its certified question, this court affirmed the district court's dismissal of Hartfield's habeas petition without prejudice on July 18, 2013. *Hartfield v. Stephens*, 536 F. App'x 455, 456 (5th Cir. 2013) (unpublished).

On June 20, 2013, Hartfield filed three habeas petitions in a state trial court, asserting his speedy trial claim. *Ex parte Hartfield*, 442 S.W.3d at 810. Reaching the merits of Hartfield's speedy trial claim, the trial court found no speedy trial violation and held that Hartfield could be retried. *Id.* at 811. Hartfield appealed the trial court's decision on April 25, 2014, and the state appellate court determined that Hartfield's speedy trial claim could not be

raised prior to trial and, accordingly, vacated the portion of the trial court's order denying Hartfield's habeas petition on the merits. *Id.* at 817–18. Hartfield then returned to the CCA seeking discretionary review, but that court denied his petition and his subsequent motion for rehearing. *Ex parte Hartfield*, Nos. PD-1084-14, PD-1085-14, PD-1086-14 (Tex. Crim. App. 2014).

On October 13, 2014, Hartfield initiated the instant case, raising his now-exhausted speedy trial claim in a pretrial federal habeas petition pursuant to 28 U.S.C. § 2241. The district court granted summary judgment to the State on April 21, 2015. The court abstained from reviewing Hartfield's speedy trial claim "[b]ased on the pendency of the state criminal proceedings and the availability of state court remedies." Citing this court's decision in *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), the district court explained that, although exhaustion of state remedies is not mandated for pretrial claims under § 2241, "well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas corpus claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." The court further explained that "absent 'special circumstances,' pretrial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim . . . and bar the state from proceeding to trial."

The district court correctly pointed out that this court "has not clarified what 'special circumstances' might warrant an exception from this rule." After noting that the Supreme Court has explained that "the Speedy Trial Clause does not . . . encompass a 'right not to be tried,'" *United States v. MacDonald*, 435 U.S. 850, 861 (1978), and that "most speedy trial claims . . . are best considered only after the relevant facts have been developed at trial," *id.* at 858, the district court found that Hartfield had "not presented any special

circumstances that would justify consideration of his speedy-trial claim on pretrial federal habeas review." Accordingly, the court denied Hartfield's petition.

While the district court denied Hartfield's habeas petition, it considered, *sua sponte*, whether to grant Hartfield a certificate of appealability (COA). Noting that a court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the district court held that, "[b]ecause [Hartfield's] decades-long confinement without a valid criminal conviction is presumably sufficient to make a substantial showing of the denial of a constitutional right," a COA was warranted in this case. Specifically, "[t]he issue certified for appeal [wa]s whether Petitioner ha[d] demonstrated 'special circumstances' under *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), which warrant consideration of the merits of his speedy-trial claim on pretrial federal habeas corpus review."

Hartfield timely appealed to this court on May 18, 2015. His notice of appeal (NOA) stated that "notice is hereby given that Petitioner Jerry Hartfield appeals to the United States Court of Appeals for the Fifth Circuit [the district court's] decision that his case does not present 'special circumstances.'" However, after Hartfield appealed to this court and after the briefs in this case were filed, he was again convicted of murder in Texas state court on August 19, 2015.

## II. APPLICABILITY OF 28 U.S.C. § 2254 TO HARTFIELD'S PETITION

Hartfield's state court conviction following the district court proceedings, but prior to our hearing his case on appeal, places this case in an unusual procedural posture. Hartfield originally filed his habeas petition under 28 U.S.C. § 2241. As this court noted in *Dickerson*, "28 U.S.C. § 2241 . . . applies to persons in custody regardless of whether final judgment has been rendered

and regardless of the present status of the case pending against [them]." 816 F.3d at 224. This statute provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
> (b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>> . . . .

28 U.S.C. § 2241. The parties agree that Hartfield's original habeas petition falls under § 2241(c)(3), and that, under this statute, federal courts have jurisdiction and authority to issue writs of habeas corpus—pretrial or post-trial. When he originally filed his habeas petition, Hartfield was in the custody of Texas, but according to the CCA, he was not being held pursuant to any state court judgment. *Hartfield*, 403 S.W.3d at 240. Therefore, when he originally applied to the district court for habeas relief, Hartfield's petition was properly considered under § 2241 alone.

However, Hartfield's conviction of murder in a Texas state court raises the question of whether 28 U.S.C. § 2254 now applies to his petition for a writ of habeas corpus. That statute provides in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.  Whether § 2254 governs a habeas application when the petitioner is currently in custody pursuant to a state court judgment, but was not at the time of filing, is a question of first impression in this circuit.  We hold that the plain language of § 2254 includes Hartfield's current petition for a writ.  Because Hartfield is currently in custody pursuant to a state court judgment, any habeas writ that issues from a federal court at the present time would necessarily release him from custody pursuant to a state court judgment.  Thus, Hartfield's petition now falls within § 2254(b)(1), which prohibits federal courts from granting habeas writs unless one of three exceptions is satisfied.

In addition to the language of the statute, the decisions of other courts of appeals are instructive.  As the State correctly points out, the Tenth Circuit's decision in *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 922–25 (10th Cir. 2008), is most relevant to Hartfield's situation.  In that case, Petitioner Yellowbear was charged with murder in state court, but during his state court trial, he filed a pre-conviction federal habeas petition under § 2241, arguing that the state court lacked jurisdiction because his alleged crime occurred in "Indian Country."  *Id*. at 922–23.  The federal district court dismissed Yellowbear's petition under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37, 43–44 (1971), and directed "Yellowbear to conclude his claims in state court" before filing a federal habeas petition.

*Yellowbear*, 525 F.3d at 923. Yellowbear was found guilty by a state court after the district court's dismissal, and while his state appeal was pending, Yellowbear appealed the federal district court's denial of his § 2241 petition to the Tenth Circuit. *Id.* The Tenth Circuit explained that "§ 2241 is a vehicle for challenging pretrial detention" while a "§ 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." *Id.* at 924. Because at the time of appeal Yellowbear's claim was "an attack on his conviction and sentence," his "petition must . . . [have] be[en] brought under § 2254." *Id.*

Hartfield's situation is similar to Yellowbear's. Although Hartfield initially filed a pretrial federal habeas petition under § 2241, intervening events have led to Hartfield's being in custody pursuant to a state court judgment. Because Hartfield's claim is now properly characterized as an attack on the "validity of his conviction and sentence," his petition, like the petition in *Yellowbear*, "must . . . be brought under § 2254." *Id.*

Hartfield argues that *Yellowbear* is in tension with Fifth Circuit precedent; however, in making this argument, Hartfield misunderstands this court's previous decisions. Specifically, he notes that the court in *Dickerson* held that § 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [them]." 816 F.2d at 224. Based on this statement, Hartfield argues that a habeas petition may be brought under either § 2241 or § 2254 and that, because § 2254 was not available at the time he filed his petition, his appeal is properly considered under § 2241. However, the *Dickerson* court, in making the statement Hartfield quotes, did not hold that § 2241 and § 2254 offered alternative avenues of pursuing federal habeas relief. Instead, the *Dickerson* court was simply explaining that § 2241 applies to *all* habeas

9

petitions and that, because Dickerson was not in custody pursuant to a state court judgment, his petition was not also governed by § 2254.[1]  *Id.*

The Eleventh Circuit's opinion in *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), is instructive on the interaction between § 2241 and § 2254. There, the court explained that § 2241 empowers a federal court to grant writs of habeas corpus while § 2254 "applies to a subset of those to whom § 2241(c)(3) applies—it applies to 'a person in custody pursuant to the judgment of a State court.'"  *Id.* at 1059 (quoting 28 U.S.C. § 2254) (emphasis omitted).  The court noted that § 2254 "is more in the nature of a limitation on authority than a grant of authority."  *Id.*  The court further explained:

> Section 2254 presumes that federal courts already have the authority to issue the writ of habeas corpus to a state prisoner, and it applies restrictions on granting the Great Writ to certain state prisoners—i.e., those who are "in custody pursuant to the judgment of a State court."  Thus, the text of § 2254 indicates that it is not itself a grant of habeas authority, let alone a discrete and independent source of post-conviction relief.

*Id.* at 1059–60.  Because § 2254 is not an independent avenue through which petitioners may pursue habeas relief, Hartfield's arguments that this court should not recharacterize his petition as one brought under § 2254 are unpersuasive.  The question is not whether his petition may be recharacterized as brought under § 2254, but whether § 2254 applies to his petition in addition to § 2241.  The answer to that question, based on the plain language of § 2254 and *Yellowbear*, is that § 2254 now applies to Hartfield's petition.[2]

---

[1] Hartfield similarly misunderstands the Ninth Circuit's decision in *Stow v. Murashige*, 389 F.3d 880, 882 (9th Cir. 2004).  As this court did in *Dickerson*, the Ninth Circuit simply explained that the petitioner's "petition [was] properly considered under 28 U.S.C. § 2241, not § 2254, because at the time [the petitioner] filed his petition he was not 'in custody pursuant to the judgment of a State court.'"  *Id.*

[2] Hartfield briefly argues that the status of his habeas petition should be determined at the time of its filing, similar to how courts determine diversity for the purposes of diversity jurisdiction at the time of filing.  He cites no authority that similar logic applies to habeas

No. 15-20275

Given that § 2254 now applies to Hartfield's petition, dismissal of his appeal is warranted for three reasons. First, whether "special circumstances" under *Dickerson* exist is no longer relevant. Although the text of § 2241 imposes no exhaustion requirement on petitioners seeking pretrial federal habeas relief, courts have grafted an exhaustion requirement onto § 2241, which is "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225. However, the text of § 2254 specifically imposes an exhaustion requirement, and that requirement is different from the "special circumstances" inquiry under *Dickerson*. While Hartfield contended at oral argument that he can satisfy the § 2254 exhaustion requirement by way of an exception, this issue was only cursorily briefed on appeal. Accordingly, we do not reach it today.

Second, we note that, because Hartfield was convicted after the district court ruled on his habeas petition, that court has not yet reached any decision with respect to § 2254. While the fact that the district court has not yet reached particular issues does not categorically bar this court from addressing them, this court does not typically review issues before the district court has an opportunity to do so. *See, e.g.*, *Walker v. Stephens*, 583 F. App'x 402, 404 (5th Cir. 2014) (per curiam) (unpublished). We see no reason to depart from this prudential rule here. Overall, it would be inappropriate for this court to inject itself into questions regarding § 2254 with limited development of the parties' positions, without the district court having had an opportunity to reach these

---

petitions and provides no argument as to why his analogy to diversity jurisdiction should overcome the plain language of § 2254.

issues, and before Hartfield has had an opportunity to exhaust his state court remedies.

Third, and most importantly, even if we were inclined to reach the issues related to § 2254, we could not reach those issues, as neither Hartfield's COA nor his NOA includes any issues relating to § 2254.  This court's jurisdiction over this appeal is limited to the issue specified in Hartfield's COA, which includes only whether "special circumstances" exist under *Dickerson*.  *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) ("We conclude that under the plain terms of Antiterrorism and Effective Death Penalty Act . . ., our review of [the petitioner's] habeas petition is limited to the issue specified in the COA granted by the district court."); *see also* 28 U.S.C. § 2253(c)(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 649 (2012).  Similarly, because Hartfield included only the issue of whether special circumstances exist in his NOA, he is limited to raising only that issue on appeal.  *Ingraham v. United States*, 808 F.2d 1075, 1080 (5th Cir. 1987).  Accordingly, we cannot reach the issue of how Hartfield's petition may proceed under § 2254.  Given that the existence of "special circumstances" is no longer relevant to Hartfield's petition while the requirements of § 2254 are now relevant, we conclude that dismissal of Hartfield's appeal is warranted.

In dismissing Hartfield's appeal, we adjudicate none of his claims, issue no order, and render no judgment with respect to the legality of his detention. We simply dismiss Hartfield's appeal because his NOA and COA cover only issues which are now irrelevant and because we lack jurisdiction over the now-relevant § 2254 issues. This dismissal does not affect Hartfield's ability to proceed through the state court process and preserves his ability to file a federal habeas petition under § 2254, should that become necessary, once he

No. 15-20275

has exhausted his state remedies (or can show an exception to the exhaustion requirement).[3]

## III. CONCLUSION

For the foregoing reasons, we DISMISS Hartfield's appeal.

---

[3] We note our agreement with the Tenth Circuit in *Yellowbear*, 525 F.3d at 923, and the Seventh Circuit in *Jacobs v. McCaughtry*, 251 F.3d 596, 597–98 (7th Cir. 2001). In *Jacobs*, the Seventh Circuit held that when a petitioner applies for habeas relief under § 2241 and later applies for relief in a petition governed by § 2254, that subsequent petition is not a "second or successive habeas corpus application" within the meaning of 28 U.S.C. § 2244. *Jacobs*, 251 F.3d at 597–98. Similarly, the Tenth Circuit explained that "where the first habeas petition filed under § 2254 was properly recharacterized as a § 2241 petition because the defendant was a pre-trial detainee, the subsequent filing of a § 2254 petition does not constitute a second or successive petition." *Yellowbear*, 525 F.3d at 923. Accordingly, should Hartfield find it necessary to file a federal habeas petition under § 2254 in the future, it will not be a "second or successive habeas corpus application" under § 2244.