# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20340

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2019

Lyle W. Cayce
Clerk

CEDRIC TRAVAUGHN HOPES,

    Petitioner-Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

    Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-1173

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Cedric Travaughn Hopes seeks a certificate of appealability (COA) to appeal the district court's decision after it recharacterized his 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2254 petition and dismissed this reimagined petition without prejudice for failure to exhaust state court remedies. His underlying petition asserts various aspects of his state criminal trial violated the Due Process Clause. Like the district court, we deny a COA.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20340

I.

In 2014, a Texas jury convicted Hopes of aggravated robbery with a deadly weapon. The trial court sentenced him to thirty-five years in prison. Hopes appealed, arguing the trial court erred at sentencing by considering certain expert testimony, evidence of his gang affiliation, and evidence of an extraneous offense. The Fourteenth Court of Appeals affirmed, and the Texas Court of Criminal Appeals denied discretionary review. *Hopes v. State*, No. 14-14-00403-CR, 2015 WL 6759450, at *1 (Tex. App.—Houston [14th Dist.] Nov. 5, 2015, pet. ref'd).

After his conviction became final, Hopes sought a post-conviction writ of habeas corpus in state court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. Hopes argued that: (1) trial counsel was ineffective for advising him not to testify, failing to object to extraneous evidence, and failing to object to comments about his decision not testify; (2) the prosecutor committed misconduct by suborning perjury from a government witness; and (3) appellate counsel was ineffective for failing to raise claims on direct appeal asserting prosecutorial misconduct, insufficient evidence, and variance from the indictment. Appl. for a Writ of Habeas Corpus 6–14 (June 2, 2017); Mem. in Supp. 7–26 (Aug. 4, 2017).

In October 2017, Hopes asked the state court to appoint counsel and hold an evidentiary hearing on his habeas application. According to the docket, the court has not yet ruled on those motions or forwarded Hopes's habeas application to the Texas Court of Criminal Appeals. *See Ex Parte Hopes*, No. WR-1342020-A; TEX. CODE CRIM. PROC. ANN. art. 11.07.3(d).

Hopes filed a federal habeas petition in the U.S. District Court for the Southern District of Texas while his state habeas application was still pending. He again argues the prosecutor committed misconduct by suborning perjury. But his federal petition also adds two other due process claims—that the court

admitted an impermissibly suggestive identification and insufficient evidence supported his conviction.

Although the gravamen of his federal petition is that "his conviction is pursuant to a State Court Judgment," Hopes claims he filed it "pursuant to 28 U.S.C. § 2241(c)(2)." *Id.* The district court disagreed. It "treated [Hopes's filing] as a petition for a writ of habeas corpus under 28 U.S.C. § 2254" because he ultimately sought relief from a state-court conviction. *Hopes v. Davis*, No. H-18-1173, 2018 WL 1832323, at *1 (S.D. Tex. April 16, 2018). And because his state habeas application remained pending, the court dismissed the re-styled § 2254 petition without prejudice for failure to exhaust. *Id.* at *2. The court denied a COA. *Id.*

Hopes filed a notice of appeal, challenging the district court's decision recharacterizing his § 2241 petition as a § 2254 petition and dismissing it on exhaustion grounds. We construe his NOA as an application for a COA. *See* FED. R. APP. P. 22(b)(2); *Hill v. Johnson*, 114 F.3d 78, 81 (5th Cir. 1997).

## II.

We start by considering whether the district court properly determined Hopes's § 2241 motion is subject to § 2254. It did. Then we determine whether a COA should issue. It should not.

## A.

A litigant's motion isn't always what it purports to be. Accordingly, a court may sometimes recharacterize a motion masquerading as something else. *Castro v. United States*, 540 U.S. 375, 381–82 (2003). But courts must be especially careful when exercising this power with a *pro se* litigant in the post-conviction context. For example, the *Castro* Court held that when a district court "recharacterizes a *pro se* litigant's motion as a first § 2255 motion," it "must [1] notify the *pro se* litigant that it intends to recharacterize the pleading, [2] warn the litigant that this recharacterization means that any

3

subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and [3] provide the litigant an opportunity to withdraw the motion or to amend it." *Id.* at 383. Otherwise, the "patronized litigant [may] be harmed rather than assisted by the court's intervention." *Id.* at 386 (Scalia, J., concurring in part and concurring in the judgment).

Assuming (without deciding) that *Castro*'s rule regarding § 2255 motions applies to habeas petitions as well,[1] the district court failed to heed its dictates. The court understandably recast Hopes's § 2241 petition as a § 2254 petition because he challenges his underlying state-court conviction. *See Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015). But in doing so, the court failed

---

[1] Most courts of appeals that have considered the question have concluded *Castro*'s logic regarding § 2255 motions extends to habeas corpus petitions under § 2254. *See Thurston v. Maryland*, 611 F. App'x 112, 113 (4th Cir. 2015) (per curiam); *Foster v. Warden Chillicothe Corr. Inst.*, 522 F. App'x 319, 321 (6th Cir. 2013) (per curiam); *Smith v. Hobbs*, 490 F. App'x 833, 834 (8th Cir. 2012) (per curiam); *Clark v. Bruce*, 159 F. App'x 853, 856 (10th Cir. 2005); *Ponton v. Secretary, Fla. Dep't of Corr.*, 891 F.3d 950, 953 n.3 (11th Cir. 2018); *accord Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 281–82 (2d Cir. 2003) (imposing notice-and-warning requirement in § 2254 cases pre-*Castro*). Presumably that's because motions under § 2255 and petitions under § 2254 are subject to the same second-or-successive restrictions. *Compare* 28 U.S.C. § 2244(b), *with id.* § 2255(h); *see In re Bourgeois*, 902 F.3d 446, 448 (5th Cir. 2018). We have never weighed in.

But there is a good reason not to extend *Castro*'s § 2255 rule to § 2254. In the § 2254 context there is nothing to recharacterize: Properly speaking, § 2254 represents a relitigation bar applicable to § 2241 petitions; there is no such thing as a "§ 2254 petition." *See Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015); *Medberry v. Crosby*, 351 F.3d 1049, 1058–62 (11th Cir. 2003) ("In sum, § 2254 is not an independent and additional post-conviction remedy for state prisoners; there is but a single remedy, the writ of habeas corpus."). The relitigation bar is simply a restriction on when a court may use the authority it otherwise possesses under § 2241 to grant habeas relief to a state prisoner. *See* 28 U.S.C. § 2241 ("Power to grant writ"). The federal prisoner (§ 2255 movant) stands at a fork in the road and has the option of filing a § 2241 habeas petition or a § 2255 motion to vacate his sentence. The state prisoner (§ 2241 petitioner), however, can do only one thing—file a § 2241 petition for a writ of habeas corpus. A *Castro* warning makes scant sense for the habeas petitioner who could not have pursued a different route to relief. *See Hartfield*, 808 F.3d at 1066 ("The question is not whether his petition may be recharacterized as brought under § 2254, but whether § 2254 applies to his petition in addition to § 2241."); *accord United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

We need not decide whether our sister circuits have the better view of it because *Castro* does not change the outcome here. As discussed below, whether *Castro* applies at all is better addressed when, and if, Hopes files another habeas petition.

to warn Hopes about the consequences of recasting his petition and to give him an opportunity to withdraw it.  *Castro*, 540 U.S. at 383.  That hypothetical *Castro* failure, however, doesn't change the outcome here.

The consequences of violating the *Castro* rule are limited.  That rule seeks to prevent prisoners from running headfirst and blind into AEDPA's second-or-successive restrictions.  The remedy is therefore keyed to that harm. *See United States v. Marzon*, 177 F. App'x 382, 383 (5th Cir. 2006) (per curiam). If a prisoner never received a *Castro* warning and later files another petition, the earlier, recharacterized motion (or petition) cannot count as his "first" motion triggering the second-or-successive hurdles.  *See Williams v. McLaren*, 2018 WL 3203426, at *3 (6th Cir. June 29, 2018); *Smith*, 490 F. App'x at 834– 35 (Colloton, J., dissenting); *Clark*, 159 F. App'x at 856.

We have no need to vacate and remand.  Hopes's filing is subject to AEDPA's strictures, including the COA requirement—regardless of whether we think of it as a recharacterized § 2254 petition or a § 2241 petition that just happens to be limited by § 2254.  Because Hopes's petition complains about detention arising out of a state-court judgment, he needs a COA.  28 U.S.C. § 2253(c)(1)(A).  And although the district court failed to comply with *Castro* when recasting his petition, Hopes can litigate any *Castro* error—including whether it applies in this context at all—if he later sees fit to file another habeas corpus petition.

## B.

A COA may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court's denial of federal habeas relief is based on procedural grounds, "a COA should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Our court has held that "inordinate and unjustified delay in the state corrective process" may justify excusing the court-fashioned exhaustion requirement in habeas cases. *Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir. 1976) (per curiam); *see Ex Parte Royall*, 117 U.S. 241 (1886). We have not applied our unjustified-delay excuse after Congress passed AEDPA in 1996. *See* 28 U.S.C. § 2254(b)(1)(B); *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004). The district court did not make express findings as to whether the reason for a nearly one-and-half-year delay on Hopes's state habeas petition was justifiable.

But reasonable jurists still could not question the district court's procedural ruling dismissing the petition for failure to exhaust. State court records show the state courts are currently processing Hopes's state habeas application. On January 4, 2019, Hopes petitioned the Texas Court of Criminal Appeals for a writ of mandamus. On January 16, 2019, the Texas Court of Criminal Appeals ordered the Harris County District Court Clerk to respond by forwarding the records from Hopes's state habeas proceedings. That response is due on February 15, 2019. These proceedings illustrate how the exhaustion requirement "protect[s] the state courts' role in the enforcement of federal law and prevent[s] disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

\*    \*    \*

Because the state courts are currently acting on Hopes's state habeas petition, reasonable jurists could not debate the district court's conclusion that petitioner has failed to exhaust his state court remedies. The motion for a COA is DENIED.