# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20218
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2020

Lyle W. Cayce
Clerk

JOHN LEE BASEY, Private American National Citizen American Freeman,

Petitioner-Appellant

v.

DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES; STEVEN T. MNUCHIN, SECRETARY, U.S. DEPARTMENT OF TREASURY,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-532

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

John Lee Basey, Texas prisoner # 01632916, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of subject matter jurisdiction. To the extent Basey's claims in his § 2241 petition attack the validity of his state conviction and sentence, and thus should have been construed as a successive 28 U.S.C. § 2254 application, a COA is required. *See* 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20218

§ 2253(c)(1)(A); *Hartfield v. Osborne*, 808 F.3d 1066, 1071–73 (5th Cir. 2015). Basey's timely notice of appeal is construed as a COA request. *See* FED. R. APP. P. 22(b)(2).

A prisoner will receive a COA only if he shows that reasonable jurists would find the district court's decision to deny relief debatable or wrong, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or "that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because the district court adjudicated all the claims in Bailey's first § 2254 application on the merits, this second challenge was successive, and the district court lacked jurisdiction to consider it. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Thus, to the extent his application should have been dismissed on that basis, a COA is denied. *See Miller-El*, 537 U.S. at 327.

To the extent Basey raises claims against the President and the Secretary of the Treasury for release of trust funds or other relief based on provisions of commercial and contract law and his status as a "private citizen," such claims do not require a COA. However, they are patently frivolous and his appeal on those grounds is dismissed.

COA DENIED; APPEAL DISMISSED.