# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10284
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2020

Lyle W. Cayce
Clerk

GERY LEE SCOTT,

Petitioner–Appellant,

v.

STATE OF TEXAS; LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondents–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-982

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Gery Lee Scott, Texas prisoner # 1123905, was convicted of injury to a
child-bodily injury and sentenced to 35 years of imprisonment. He appeals the
district court's order transferring to this court his motion to correct an illegal
sentence, having construed the motion as an unauthorized successive 28
U.S.C. § 2254 application. Scott's incorporated request for a certificate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-10284

appealability is DENIED AS UNNECESSARY. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015).

A district court lacks jurisdiction to consider a successive application if the prisoner has not received this court's authorization to file it. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). We will affirm a district court's order transferring a postconviction application to this court if the application is successive. *Fulton*, 780 F.3d at 685-86.

Scott is in state custody pursuant to the judgment of a Texas state court. Therefore, a challenge to his conviction or sentence must be brought under § 2254. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996); *Hartfield v. Osborne*, 808 F.3d 1066, 1071-73 (5th Cir. 2015); *Whitehead v. Johnson*, 157 F.3d 384, 385-86 n.1 (5th Cir. 1998); *Newby v. Johnson*, 81 F.3d 567, 568-69 (5th Cir. 1996). Moreover, Scott's application is successive because he raises a claim that was or could have been raised in his first § 2254 application. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009). Accordingly, the district court did not err in construing Scott's motion as an unauthorized successive § 2254 application and issuing a transfer order. *See Fulton*, 780 F.3d at 685-86.

AFFIRMED.