# United States Court of Appeals for the Fifth Circuit

———————

No. 25-20333
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2026

Lyle W. Cayce
Clerk

Leonardo Mendoza Quinonez,

*Plaintiff—Appellant*,

*versus*

Alfred H. Bennett, *U.S. District Judge for the Southern District of Texas, Houston Division*,

*Defendant—Appellee.*

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-1387

———————————————————

Before Davis, Jones, and Ho, *Circuit Judges.*

Per Curiam:[*]

Leonardo Mendoza Quinonez, Texas prisoner # 1383789, appeals the dismissal of his complaint seeking relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Mendoza Quinonez brought suit alleging constitutional violations against Judge Alfred H. Bennett, a federal district judge in the United States District Court for the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Southern District of Texas who dismissed Mendoza Quinonez's habeas petition as time-barred and improperly successive. Finding that Judge Bennett was entitled to absolute judicial immunity, the district court dismissed Mendoza Quinonez's claims with prejudice under 28 U.S.C. § 1915A(b)(1)-(2).

We agree with the district court that Judge Bennett is entitled to judicial immunity. "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Here, the act Mendoza Quinonez challenges—Judge Bennett's dismissal of his habeas petition—is certainly an act done in the "exercise of judicial function." *See id.*

Mendoza Quinonez points out that "[j]udicial immunity can be overcome . . . by showing that the actions were taken in the complete absence of all jurisdiction." *Id.* He argues that he properly filed his habeas petition under 28 U.S.C. § 2241 in the *Eastern* District of Texas but it was wrongfully reclassified as a petition under 28 U.S.C. § 2254 and thus improperly transferred to the *Southern* District of Texas. He posits that the receiving court lacked jurisdiction over his suit and Judge Bennett therefore cannot invoke judicial immunity.

This argument is unpersuasive. Despite invoking § 2241, Mendoza Quinonez's habeas petition substantively challenged the validity of his state-court convictions such that Judge Bennett properly construed the petition as filed pursuant to § 2254. *See Hartfield v. Osborne*, 808 F.3d 1066, 1071–73 (5th Cir. 2015). So, Judge Bennett had jurisdiction over the habeas case and is entitled to judicial immunity from this subsequent suit. Accordingly, Mendoza Quinonez has not shown any error in the district court's dismissal

No. 25-20333

of his claims pursuant to § 1915A(b)(1)-(2). *See Boyd*, 31 F.3d at 284-85; *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012).

AFFIRMED.